IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 5:06-cr-40-RS-GRJ

THOMAS CARLTON BELL,

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 76, Defendant's motion pursuant to 28 U.S.C. § 2255. The Government has filed a response in opposition to the motion, Doc. 80. Upon due consideration of the motion and the response, the undersigned recommends that the motion to vacate be denied.

## Background

The motion stems from Defendant's guilty plea to one count of conspiracy to distribute more than five kilograms of a mixture and substance containing cocaine and more than 50 grams of a mixture and substance containing cocaine base, in violation of 21 U.S.C § 841(a)(1), 841(b)(1)(A), and 846. Docs. 1 (indictment), 32 (plea agreement). Because Defendant had prior felony controlled-substance convictions, he faced an enhanced penalty of a mandatory minimum term of life imprisonment. Doc. 29 (notice of enhanced penalties pursuant to 21 U.S.C § 851). The Government filed a motion to reduce sentence pursuant to U.S.S.G. § 5K1.1, and the Court sentenced Defendant to 164 months imprisonment. Docs. 49, 51. The Government subsequently moved for a sentence reduction under Fed. R. Crim. P. 35, and Defendant's sentence was reduced to 146 months. Docs. 66, 69.

In the instant motion, Defendant contends that he is entitled to resentencing due to changes in the substantive law controlling sentencing for career offenders. Specifically, Defendant contends that his sentencing guideline range was based on a finding that he qualified as a career offender under U.S.S.G. § 4B1.1 due in part to a prior conviction of battery on a law enforcement officer (BOLEO), which the PSR found to be a crime of violence. *See* Doc. 76. Defendant contends that the Florida offense of battery upon a law enforcement officer no longer qualifies as a violent felony for purposes of career-offender sentencing. *See United States v. Williams*, 609 F.3d 1168, 1169-70 (11th Cir. 2010) (holding that, in light of *Johnson v. United States*, 130 S. Ct. 1265 (2010), the fact of a conviction for felony battery on a law enforcement officer in Florida, standing alone, no longer satisfies the "crime of violence" enhancement of the sentencing guidelines).

The Government points out that although Defendant's Guideline range was calculated as 262 to 327 months based on prior offenses and other sentencing factors, this was raised to a term of life, because the mandatory minimum sentence of life was higher than the Guideline range. Doc. 80 (citing PSR ¶55, 56; Guidelines §5G1.1(b)). The Government argues that the decision in *Johnson* is therefore irrelevant to Defendant's case because Defendant does not dispute that he qualified for the enhanced mandatory minimum penalty of life imprisonment based on prior felony controlled-substance convictions. *Id*. (citing § 5G1.1(b); *United States v. Williams*, 549 F.3d 1337 (11th Cir. 2008) (higher mandatory minimum term replaced calculated guidelines range, so that defendant was not eligible for § 3582 reduction under Guidelines Amendments)). The Government further notes that *Johnson* would afford

Defendant no relief because he was also convicted of the offense of resisting arrest with violence, a crime of violence under U.S.S.G. § 4B1.2(b)(2).

## Discussion

### (1) Procedural Default

The docket reflects that Defendant did not appeal his sentence.  Because Defendant did not raise the instant sentencing claim on appeal, the Court concludes that the claim is procedurally defaulted and such procedural default bars consideration of the claim in the instant § 2255 motion, absent a showing of cause and prejudice sufficient to excuse the procedural default.  *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (procedural default of sentencing claim excused only if one of the two exceptions to the procedural default rule apply: (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence)).  Defendant has made no showing that the procedural default in this case should be excused.

### (2) Merits

Even if Defendant's sentencing claim was not procedurally defaulted, the Court finds that he is not entitled to relief on the merits of the claim.  It is clear that Defendant's sentence was based on the applicable statutory mandatory-minimum life sentence, and not on the Guidelines calculation.  Moreover, Defendant acknowledged in his plea agreement that he was subject to a mandatory-minimum life sentence due to prior controlled substance convictions.  Doc. 32.  The existence of the prior qualifying controlled-substance convictions was verified by the U.S. Probation Office.  Doc. 37.

Under these circumstances, it is plain that Defendant is afforded no relief by any developments in the law regarding whether BOLEO qualifies as a "crime of violence"

under the career-offender guidelines.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, Doc. 76, should be **DENIED** and that a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 27th day of December 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**